Shauck, J.
The limitation relied upon by the plaintiff in error is prescribed by section 4891 of the Revised Statutes, which provides that “an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within six years after the cause of action accrues. ”
Whether the liability asserted by the treasurer in this case be referred to section 1104 of the stat *179 utes, which authorizes the civil action to enforce the assessments for township ditches as well as other assessments and taxes, or to the provisions of the acts under whose favor the ditches were constructed, is a liability created by statute.
It is, however, contended that, although the liability is within the terms of the limitation, it is in view of the public character of the demandant, within that exemption from the operation of acts limiting actions which is defined by the familiar maxim ‘ ‘nullum tempus occurit regi. ’5 The scope of this exemption has been the subject of much discussion, and of diverse conclusions. It is not necessary, however, to enter into that discussion, since the repeated and consistent decisions of this court seem to furnish a clear rule for the determination of the case.
In Cincinnati v. The First Presbyterian Church, 8 Ohio, 299, it was decided that the statute of limitations runs against a municipal corporation. This case was followed and approved in Williams v. The Presbyterian Society, 1 Ohio St., 478, and in Cincinnati v. Evans, 5 Ohio St., 594.
In Lane v. Kennedy, 13 Ohio St., 42, it was conceded that the statute runs against the public with respect to highways, though the judgment was determined by the fact that the possession relied on was not adverse to the public. The case was followed and approved in McClelland v. Miller, 28 Ohio St., 488.
In Mount v. Lakeman, Clerk of Millcreeek Township, 21 Ohio St., 643, it was held that an action on behalf of a township to recover school funds which a treasurer had appropriated to his own use, is barred by the limitation of six years
*180 In Oxford Township v. Columbia, 38 Ohio St., 87, it was held that “trustees of a township holding title to lands granted to them by the general government for school purposes, are not exempt from the operation of the statute of limitations, in an action prosecuted by them to recover possession of the premises.”
All attempts to extend the exemption to others than the general and state governments have failed. The terms of the statute except none from its operation and the exemption is a prerogative. ' Being a privilege of sovereignty, as in England it is the King’s plea, so here it is the plea of the sovereign, to be made by it or in its behalf. This view of the subject does not admit of further question in this state.
Judgment of the circuit and common pleas courts reversed. t